UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ABDULLAH OZKAN, | Case No. 2:14-CV-187 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| AMERICAN CASINO & ENTERTAINMENT PROPERTIES, LLC, et al., | |
| Defendant(s). | |

Presently before the court is a motion to dismiss filed by defendants American Casino & Entertainment Properties, LLP ("ACEP") and Stratosphere Gaming, LLC (hereinafter "defendants") pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. #13). Plaintiff Abdullah Ozkan (hereinafter "plaintiff") filed a response to the motion. (Doc. #15). Defendants filed a reply. (Doc. #17).

**I.   Background**

On or about March 20, 2006, plaintiff was hired as a banquet supervisor by the Stratosphere Hotel ("Stratosphere"). He was later promoted to banquet manager. Plaintiff was terminated from this employment on January 26, 2012. Plaintiff alleges that he performed his job with few complaints until around May, 2011. He alleges that at this time, the catering director, Christina Rogers, created a hostile work environment by discriminating against plaintiff based on his age and national origin. Plaintiff is 51 years old and of Turkish origin.

Plaintiff claims that around May, 2011, he initiated a meeting with the vice president of food and beverage, Matt Mascali, to report Ms. Rogers's hostile behavior. Plaintiff alleges that Ms. Rogers learned of this meeting and immediately demanded to meet with plaintiff. Plaintiff alleges that Ms. Rogers then demanded plaintiff inform her about what was discussed in the

**James C. Mahan**
**U.S. District Judge**

meeting. Plaintiff states that he refused to disclose any facts of the confidential meeting with Mr. Mascali to Ms. Rogers.

Plaintiff alleges that following that exchange, Ms. Rogers' behavior towards plaintiff became "drastically hostile." (Doc. #6). Plaintiff claims that Ms. Rogers falsely accused plaintiff of being a thief, among other accusations. Plaintiff alleges that Ms. Rogers made discriminatory remarks about plaintiff's ethnicity, such as, "your Turkish mentality is affecting your work." Plaintiff also alleges that Ms. Rogers made discriminatory comments about plaintiff's age, for example, by stating that plaintiff was "too old and should be home taking care of his children rather than working."

Plaintiff claims that on or about November 19, 2011, plaintiff wrote an email to Ms. Rogers attempting to arrange a meeting to resolve the alleged hostile treatment and discuss Ms. Rogers's alleged discriminatory comments. Plaintiff states that Ms. Rogers did not respond.

Plaintiff alleges that he then contacted Sharon D'Ambrosio, Stratosphere's human resources director, to discuss the alleged discriminatory conduct. Plaintiff claims that Ms. D'Ambrosio was of no help and that she directed plaintiff to report the issue to Mr. Mascali. Plaintiff alleges that he tried to contact Mr. Mascali at that time and left a message, but that his call was never returned.

Plaintiff claims that around November, 2011, plaintiff and other Stratosphere employees took leftover food home after a banquet pursuant to normal practice. Plaintiff alleges that at this time, Ms. Rogers's hostile treatment continued and that she stated, "I got him, this time the Turkish guy cannot survive my department, and he has to go."

On or about May 14, 2012, plaintiff filed a formal charge of discrimination with the Nevada Equal Rights Commission ("NERC"). In the NERC filing, plaintiff alleged facts to support his claim that he had been subjected to illegal employment discrimination based on his age and national origin. NERC forwarded a copy of plaintiff's charge to the U.S. Equal Employment Opportunity Commission ("EEOC").

On or about December 23, 2013, the EEOC sent a right to sue letter to plaintiff fulfilling his obligation to initiate an administrative claim before seeking review in this court. On

James C. Mahan
U.S. District Judge

- 2 -

February 5, 2014, plaintiff filed the complaint in this case against Stratosphere Gaming, LLC, and its parent corporation, ACEP. (Doc. #1). On May 15, 2014, plaintiff filed an amended complaint. (Doc. #6). On June 20, 2014, defendants filed a motion to dismiss the amended complaint as to the retaliation claim and defendant ACEP. (Doc. #13).

## II.   Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 1949.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.* (internal quotations omitted). When the allegations in a complaint have not crossed the line

**James C. Mahan**
**U.S. District Judge**

- 3 -

from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

"In the absence of special circumstances, a parent corporation is not liable for the Title VII violations of its wholly owned subsidiary."  *Watson v. Gulf and Western Indus.*, 650 F.2d 990, 993 (9th Cir. 1980).  Special circumstances that the court should consider may include (1) proof of alter-ego liability; (2) evidence that the parent is liable for the debts of the subsidiary; (3) whether the parent has "undercapitalized [the subsidiary] in a way that defeat[s] potential recovery by the plaintiff; and (4) whether the parent "participated in or influenced the employment policies of the subsidiary." *Id.*

### III.     Discussion

Plaintiff's complaint identifies four causes of action: (1) age discrimination in violation of 29 U.S.C. § 623 *et. seq.*; (2) discrimination based on national origin under N.R.S. § 613.330 *et seq.*, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981; (3) hostile work environment; and (4) retaliation.  (Doc. #6).

Plaintiff concedes in his response to defendants' motion to dismiss that his retaliation claim is barred because it was not asserted in his original NERC charge.  (Doc. #15).  Defendants contend that plaintiff's remaining claims should be dismissed against defendant ACEP for failure to state a claim on which relief can be granted.  They argue that plaintiff fails to allege any facts supporting ACEP's allegation or any theory of recovery against ACEP.  (Doc. #13).

Plaintiff alleges the background facts described above in support of his complaint.  (Doc. #6).  Plaintiff also presents additional allegations for each individual cause of action in his complaint.  Pursuant to the standard above, the court must take any well-pled, plausible

**James C. Mahan**
**U.S. District Judge**

- 4 -

allegations in plaintiff's complaint as true in determining whether dismissal on the pleadings is appropriate.

Plaintiff's allegations are insufficient to preclude dismissal of ACEP in this case. The factual background of plaintiff's complaint does not mention defendant ACEP. In support of his first cause of action, plaintiff alleges that "[d]efendants discriminated" against him on the basis of his age. In support of his second cause of action, plaintiff claims that "[d]efendants, by and through its [sic] management employees, subjected [him] to a hostile and discriminatory environment based on national origin . . . ." In support of his third cause of action, plaintiff alleges that he "was subjected to continuous and ongoing comments regarding his age and national origin" based on Ms. Rogers's conduct. (Doc. #6).

As stated above, a parent company is generally not liable for any alleged discrimination of its subsidiary absent special circumstances. Plaintiff's complaint does not include any allegations of alter ego liability, undercapitalization, or debt liability.

Notably, in his response to the present motion, plaintiff claims that defendant ACEP has failed to prove that it is "merely a parent," and that ACEP's website advertises that it "operates" the Stratosphere property. (Doc. #15). This could be construed as alleging that the fourth special circumstance mentioned in *Watson* is met, namely that ACEP "participated in or influenced the employment policies of the subsidiary." *See Watson*, 650 F.2d at 993.

However, as defendants highlighted in their reply, this allegation was not made in the complaint, but rather in the response to the present motion to dismiss. Therefore, it is not proper for the court to consider it in judging the plaintiff's case on the pleadings.

Courts in this district have found that mere allegations of liability for Title VII discrimination based on parent-subsidiary status are insufficient to preclude dismissal. *See Fox v. Sysco Corp.*, No. 2:11-cv-00424-RLH-PAL, 2011 U.S. Dist. LEXIS 134537 at *4-5 (D. Nev. Nov. 21, 2011) (granting motion to dismiss Title VII claims against parent corporation where complaint merely alleged that a parent-subsidiary relationship existed, that parent "and/or" subsidiary employed individuals who discriminated, and that "both entities acted through its employees to discriminate against [plaintiff]"); *Cummings v. United Healthcare Svcs.*, No. 2:13-

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  cv-00479-APG-GWF, 2014 U.S. Dist. LEXIS 44789 at *7-9 (D. Nev. Mar. 31, 2014) (granting
2  motion to dismiss parent corporation where plaintiff pled a sole conclusory allegation that
3  defendants were all parent or subsidiary companies of one another and thus joint employers).

4  Plaintiff's complaint fails to allege any particular facts against ACEP that, when taken as true, would meet any special circumstances to warrant holding ACEP liable in this case.  All of plaintiff's factual allegations refer to defendants generally, and plaintiff's allegations never mention ACEP by name.  As such, plaintiff fails to present any allegation that would warrant departure from the general rule on parent-subsidiary liability in discrimination cases as set forth above.

For the foregoing reasons, the court will grant dismissal as to defendant ACEP for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  The court will also dismiss plaintiff's retaliation claim based on plaintiff's concession that this claim is barred.

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss (doc. #13) be, and the same hereby is, GRANTED consistent with the foregoing.

IT IS FURTHER ORDERED that plaintiff's complaint (doc. #6) is DISMISSED without prejudice as to defendant American Casino & Entertainment Properties, LLC (ACEP).

IT IS FURTHER ORDERED that plaintiff's fourth cause of action for retaliation is DISMISSED without prejudice.

DATED August 19, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**